**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LORETTA ANN HORN                                                                PLAINTIFF

v.                                          4:20-cv-01045-BSM-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                             DEFENDANT

<u>**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>

<u>**INSTRUCTIONS**</u>

This recommended disposition has been submitted to United States District Judge Brian S. Miller.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

<u>**RECOMMENDED DISPOSITION**</u>

Plaintiff, Loretta Horn, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.   The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite her impairments. (Tr. 84-94.)   Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.   *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Petition be DISMISSED.

Plaintiff was fifty years old at the time of the administrative hearing.   (Tr. 104.)   She has an eighth-grade education and testified she attended special education classes.   (*Id*.)   She has no past relevant work.   (Tr. 93.)

The ALJ[1] found Ms. Horn had not engaged in substantial gainful activity since December 26, 2018 - the alleged onset date.   (Tr. 86.)   She has "severe" impairments, (*id.*), but the ALJ found Ms. Horn did not have an impairment or combination of impairments meeting or equaling

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 87-88.)

The ALJ determined Ms. Horn had the residual functional capacity (RFC) to perform a reduced range of light work given her physical and mental impairments.   (Tr. 89.)   Since Ms. Horn has no past relevant work, the ALJ called upon on a vocational expert to help determine if she could perform substantial gainful activity given her RFC.   (Tr. 116-119.)   Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of housekeeper and price tag ticketer.   (Tr. 94.)   Accordingly, the ALJ determined Ms. Horn was not disabled.   (*Id.*)

The Appeals Council considered additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-6.)   Plaintiff filed the instant Petition initiating this appeal.   (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ's RFC assessment and his evaluation of her subjective symptoms were flawed.   After careful review, for the following reasons, I find Plaintiff's arguments are without merit.

Although Plaintiff has had some serious health issues – including an aneurysm – a recent examination by her treating doctor revealed all normal results.   (Tr. 689.)   Her doctor reported Ms. Horn was ". . . clinically doing well" and only ordered conservative treatment.   (Tr. 690.)   It is significant that Plaintiff's doctors have pursued a court of conservative treatment.   The need for no more than conservative treatment is inconsistent with allegations of a disabling impairment. *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993); *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992).   After close review of the ALJ's decision and the medical evidence, I find

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

no reversible error with the ALJ's RFC assessment.

Plaintiff also argues that the ALJ incorrectly assessed her subjective symptoms.   The ALJ analyzed Ms. Horn's symptoms in light of Social Security Ruling 16-3p.  (Tr. 89-92.)   That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.   The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.   Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ thoroughly evaluated her subjective complaints.   As the ALJ concluded:

> After careful consideration of the record as whole, the undersigned finds that the claimant's medically determinable impairments can reasonably be expected to produce some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms have been determined to diminish the capacity for basic work activities only to the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence of record and the above residual functional capacity. Her allegations concerning the impairments and the impact on her ability to work are not sufficiently supported by the record as a whole in light of the objective medical findings, the medical history and degree of medical treatment required, and the claimant's description of her activities of daily living for the reasons explained in this decision. In particular, her complaint of daily headaches are not supported; she

has not been seen by neuro for her headaches since her aneurysm surgery. In addition, her cervical spine appears to be progressing normally. She has not done the physical therapy or other recommended treatment and has not been referred to pain clinic. Lastly, she has been seen at a mental health clinic for treatment, but she just began treatment and her GAF scores do not suggest she is more limited than provided for in the residual functional capacity above.

Turning to the medical evidence, the objective findings of this case are not consistent with the level of disabling symptoms and limitations alleged by the claimant. More specifically, the medical findings do not support the existence of limitations greater than in the residual functional capacity as listed above.

The ALJ's conclusions are supported by the objective medical evidence. Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden. The degree of Ms. Horn's alleged limitation is simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Horn clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff clearly suffers from some limitation given the combination of her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months."
42 U.S.C. § 1382(a)(3)(A).   A "'physical or mental impairment' is an impairment that results
from anatomical, physiological, or psychological abnormalities which are demonstrable by
medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has advanced other arguments which I have considered and find to be without
merit.   It is not the task of a court to review the evidence and make an independent decision.
Neither is it to reverse the decision of the ALJ because there is evidence in the record which
contradicts his findings.   The test is whether there is substantial evidence on the record as a whole
which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996);
*Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of
the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole
that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this
case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372
F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be
affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 30th day of March 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE